UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSEPH ROCHA | : | |
| | : | |
| v. | : | C.A. No. 09-586S |
| | : | |
| PETER PAN BUS LINES, INC. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

　　In this matter, Plaintiff Joseph Rocha filed a pro se Complaint and an Application to Proceed Without Prepayment of Fees and Affidavit on December 4, 2009 (the "Application"). (Document No. 2). Alternatively, Plaintiff requested that "if a fee waiver is not possible a payment schedule would be appreciated." Id. at p. 3. Plaintiff's Application was referred to me for review.

　　In the Application, Plaintiff indicated that he is currently employed part-time by Viking Motor Tours, but that he also collects partial unemployment benefits. Plaintiff also indicated that he has $100.00 cash in a checking or savings account, that he owns three automobiles and that he has one dependent. Plaintiff, however, did not indicate the amount of his take-home salary or wages, or the amount of unemployment benefits that he receives. He also gave no description of the automobiles that he owns, or their value. In order to determine whether he qualifies for a full or partial waiver of the filing fee, the Court needed more information about Plaintiff's assets, income and monthly expenses, including housing expenses.

　　On December 8, 2009, I issued an Order requiring Plaintiff to provide additional financial information by December 31, 2009 or risk having his Application denied and this case dismissed. (Document No. 3). The Court's revised form of Application (AO Form 240) was forwarded to Plaintiff for his use in providing more detailed financial information. Plaintiff did not provide any

additional information as Ordered.  Thus, I recommend that Plaintiff's Application to Proceed without Prepayment of Fees (Document No. 2) be DENIED and that the District Court dismiss Plaintiff's Complaint (Document No. 1) without prejudice if he fails to pay the required $350.00 filing fee by February 28, 2010.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 6, 2010