UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSEPH R. ROCHA,<br><br>Plaintiff<br><br>VS.<br><br>PETER PAN BUS LINES, INC.<br>and FRANK DOUGHERTY,<br><br>Defendants. | C.A. NO. 09-586M consolidated<br>with C.A. NO. 10-06M |

## DECISION AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

Plaintiff Joseph R. Rocha ("Plaintiff") brings this suit claiming that Defendant Peter Pan Bus Lines, Inc. ("Peter Pan") violated the terms of the Collective Bargaining Agreement ("CBA") between his union, Amalgamated Transit Union Local 1363 ("Union") and Peter Pan; unlawfully terminated him without just cause, and provided unsubstantiated evidence and perjured testimony at the arbitration hearing. In a separate lawsuit filed in state court, later removed to this Court and consolidated with the suit against Peter Pan, Plaintiff made identical allegations against Peter Pan's General Manager Frank Dougherty ("Dougherty") (1:10-cv-06-M-LDA). Defendants have moved for summary judgment on all claims asserted against them. For the reasons set forth below, and after careful review of the legal and factual bases for Defendants' motion, the Court grants summary judgment for Defendants.

I.  Background

The facts in this case are not in dispute. Plaintiff was employed as a motor coach

1

operator at Defendant Peter Pan for approximately seventeen months until his termination on or about December 10, 2007. As a member of the Union, Plaintiff's employment with Peter Pan was governed by a CBA between the Union and Peter Pan.

According to passenger reports, Plaintiff reportedly behaved in an inappropriate manner on a bus trip from Boston to Cape Cod in Massachusetts. On December 10, 2007, Plaintiff was terminated for such behavior. Plaintiff disputes that he acted inappropriately, but that does not affect this Court's inquiry at this juncture. On Plaintiff's behalf, the Union filed a grievance based on his termination in accordance with the CBA. After a full hearing by an Arbitrator in November of 2008, the Arbitrator determined that Plaintiff's termination violated the CBA and ordered reinstatement of Plaintiff's employment preserving his seniority, but without back pay, provided that he participate in an anger management program. The Arbitrator stated that if Plaintiff "does not indicate his consent to participate by March 1, 2009, the original termination will stand."

Peter Pan's Director of Human Resources, Joanne Berwald ("Berwald") sent Plaintiff a letter offering to reinstate his employment as long as he agreed to participate in the anger management program required by the Arbitrator and to submit to a physical and drug screen as per Peter Pan policy. Plaintiff was given until March 1, 2009 to accept those conditions. While he did agree to the physical and drug tests, he refused to participate in the anger management program and thus, his termination was sustained.

Post Plaintiff's refusal, Peter Pan's attorney sent a letter on March 10, 2009 to the Union's attorney informing him that Plaintiff did not accept the terms and would not be reinstated to his employment. There is no evidence in the record that Plaintiff or the Union moved to vacate the Arbitrator's decision. Neither the Union nor Plaintiff appealed the

Arbitrator's decision. Instead, on or about December 22, 2009, Plaintiff filed this lawsuit against Peter Pan and Dougherty for their role in his termination.

II.   Standard of Review

"Granting summary judgment is appropriate if the moving party 'shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Ophthalmic Surgeons, Ltd. v. Paychex, Inc.*, 632 F.3d 31, 35 (1st Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "Once the moving party avers the absence of genuine issues of material fact, the nonmovant must show that a factual dispute does exist, but summary judgment cannot be defeated by relying on improbable inferences, conclusory allegations, or rank speculation." *Ingram v. Brink's, Inc.*, 414 F.3d 222, 228-29 (1st Cir. 2005). "In the summary judgment context, 'genuine' has been construed to mean 'that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party.' Similarly, a fact is 'material' if it is 'one that might affect the outcome of the suit under the governing law.'" *Enica v. Principi*, 544 F.3d 328, 336 (1st Cir. 2008) (citations omitted).

III.   Analysis

Defendants move for summary judgment based on three legal grounds: 1) Plaintiff's claims are barred by *res judicata* because they were decided by an Arbitrator pursuant to the CBA between the Union and Peter Pan; 2) Plaintiff has not pled a cognizable claim under Rhode Island law; and 3) if cognizable, Plaintiff's claim is completely pre-empted by Section 301 of the Labor Management Relations Act, 29 U.S.C. §185 and should be dismissed.

Regarding *res judicata*, Defendants argue that, because the Arbitrator considered the same issues in her final decision, *res judicata* bars this Court's consideration of those same issues. Plaintiff argues that *res judicata* does not apply because there has been no decision on

the merits of his case in a proper forum. It is undisputed that the terms and conditions of Plaintiff's employment was governed by the CBA. It is also undisputed that the Union grieved Plaintiff's termination under the terms of the CBA and that grievance was heard by an Arbitrator with Plaintiff and Peter Pan representatives present and fully participating. The Arbitrator was asked to decide the issue of whether Peter Pan violated the CBA by terminating the Plaintiff and if so, what Plaintiff's remedy would be. After receiving briefing and hearing two days of evidence, including testimony from Plaintiff and Defendant Dougherty, the Arbitrator decided that Peter Pan did violate the CBA and ordered Plaintiff's employment reinstated. But, based on reported occasions of Plaintiff's anger and his visible anger at the arbitration hearing, the Arbitrator imposed an additional requirement that Plaintiff participate in an anger management program.

"In order for res judicata to bar a cause of action in Rhode Island, there must be (1) identity of parties, (2) identity of issues, and (3) finality of judgment." *Griffin v. State of R.I.*, 760 F.2d 359, 360 (1st Cir. 1985) (citing *Hebert v. Ventetuolo*, 480 A.2d 403, 405 (R.I. 1984).) "[T]he doctrine of res judicata operates as an absolute bar to the relitigation of the same cause of action between the same parties, when a final judgment has been rendered on the merits." *Id.* (citing *Corrado v. Providence Redevelopment Agency*, 113 R.I. 274, 320 A.2d 331, 332 (1974).) *Res judicata* does not only apply to decisions by courts. "'An arbitration award generally has res judicata effect as to all claims heard by the arbitrators.'" *FleetBoston Financial Corp. v. Alt*, 638 F.3d 70, 79 (1st Cir. 2011) (quoting *Apparel Art Int'l, Inc. v. Amertex Enters. Ltd.*, 48 F.3d 576, 585 (1st Cir. 1995). The First Circuit has held that "where a party had the 'full power' to press its claim in the arbitration proceeding, '[t]he arbitration decision, therefore, stands as a *res judicata* bar to these claims.'" *Printy v. Dean Witter Reynolds, Inc.*, 110 F.3d 853,

860-861 (1st Cir. 1997) (quoting *Pujol v. Shearson/American Exp.*, 829 F.2d 1201, 1208 (1st Cir. 1987). *See also Aunyx Corp. v. Canon U.S.A., Inc.*, 978 F.2d 3, 6-7 (1st Cir. 1992).

Because Defendant Dougherty was not a party to the arbitration, this Court must consider whether there is identity of parties sufficient to meet the first element of *res judicata*. Exact identity of parties is not required, but "claim preclusion applies if the new defendant is 'closely related to a defendant from the original action—who was not named in the previous law suit,' not merely when the two defendants are in privity." *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 17 (1st Cir. 2010) (quoting *Negrón–Fuentes v. UPS Supply Chain Solutions*, 532 F.3d 1, 10 (1st Cir. 2008)).

Looking to the facts, the named parties to the arbitration were Plaintiff Joseph Rocha, represented by his Union, and Peter Pan Bus Lines. Mr. Dougherty was not technically an individual named as a party to the arbitration, nor could he be. However, as a Peter Pan employee, his role in the investigation of the incident leading to Plaintiff's termination and discipline was thoroughly discussed during the arbitration. Indeed, the Arbitrator noted that Mr. Dougherty testified at the arbitration and Dougherty affirmed that he "attended and actively participated in the two day arbitration." (Dkt. #22-2, ¶5.) There can be no question that Defendant Dougherty "is closely related to a defendant [Peter Pan] in the original action" such that this Court finds that the parties are sufficiently identical.

The second and third elements of *res judicata* are easily dispatched. Regarding identity of issues, the arbitration resolved the issue of whether Defendants violated the CBA by terminating Plaintiff and what remedy Plaintiff was entitled to if the CBA was violated. In his complaint before this Court, Plaintiff alleges that Defendants violated the CBA, Defendants terminated him without just cause, and Defendants engaged in willful and deliberate misconduct

that led to his unlawful termination. Each of these complaint allegations was raised during the arbitration hearings held on October 30, 2008 and November 18, 2008 and was considered in Arbitrator Roberta Golick's decision issued on February 9, 2009. There is identity of issues such that the second element of *res judicata* is satisfied.

Regarding the third element of finality, neither party disputes that the arbitration award was a final adjudication of these issues on the merits. Plaintiff disputes Defendants' assertion that neither he nor the Union moved to vacate the Arbitrator's decision, indicating the he "moved not to uphold the decision of the Arbitrator," but there is nothing in the record to show that an appeal was filed. Additionally, in her award, Arbitrator Golick specifically retained jurisdiction of the case in order "to respond to issues that may arise in the implementation of these remedial terms." Nothing has been brought to this Court's attention to show that any objection or review was sought of the arbitration reward to either Ms. Golick or to any court. Moreover, Plaintiff's argument that there has been no decision made on the merits in a proper forum is not reflected by the facts. Plaintiff's grievance was properly before the Arbitrator pursuant to the CBA, the Arbitrator heard evidence and considered all of the issues presented, and issued a reasoned and thorough decision finding that Plaintiff was correct in his assertions that Peter Pan violated the CBA by terminating him. Therefore, this Court finds that the Arbitrator's Award of February 9, 2009 was a final adjudication in the proper forum on the merits.

Because this Court finds that the parties to this lawsuit are identical to those participating in the arbitration, the issues in both the arbitration and this suit are identical and the arbitration award was a final adjudication on the merits, *res judicata* bars this lawsuit.[1]

---

[1] Because the Court's decision that *res judicata* bars Plaintiff's already-litigated claims disposes of Plaintiff's lawsuit in its entirety, this Court need not consider Defendants' remaining arguments.

III. Conclusion

Plaintiff has litigated the same issues in the proper forum against these same parties and received a final judgment. *Res judicata* bars consideration of his claims against these Defendants. Defendants' motion for summary judgment is granted.

IT IS SO ORDERED:

_____
John J. McConnell, Jr.
United States District Judge

July 15, 2011